**FLEMING, Plaintiff-Appellant, v. ROBINSON-HOUCHIN OPTICAL COMPANY et, Defendants-Appellees.**

Ohio Appeals, Second District, Franklin County.

No. 4644. Decided September 5, 1951.

Henry G. Binns, Columbus, for plaintiff-appellant.

Jenkins, Schuessler, Wendt & Gill, Columbus, for defendants-appellees.

Frank C. Dunbar, Jr., Columbus, for Intervenor, Garrett Claypool, receiver-appellee.

## OPINION

By THE COURT.

This is a motion to dismiss the appeal on law and fact for the reason that the record discloses that no trial was had in the Common Pleas Court, citing the case of **LeMaistre v. Clark, 142 Oh St 1,** the syllabi of which provide:

"1. Under the provisions of **Section 6, Article IV of the Con-**

stitution of Ohio the Courts of Appeals of this state have appellate jurisdiction in the trial of chancery cases.

"2. Such appellate jurisdiction does not authorize such courts to conduct a trial on issues of fact unless such a trial has been had in the court of first instance.

"3. It is not error for a Court of Appeals to dismiss an appeal on questions of law and fact and retain the appeal on questions of law alone when only a question of law has been decided by the court of first instance."

The facts in the LeMaistre case reveal that the action was instituted by C. H. LeMaistre, administrator of the estate of Jonathan Warner, deceased; that at the conclusion of the case the trial court directed a verdict in favor of the defendant; that approximately three years thereafter the Court of Common Pleas permitted Clara Warner as administratrix de bonis non to be substituted as party plaintiff and to file an amended petition in chancery. The defendant filed no answer but simply interposed a motion to strike the amended petition from the files and enter judgment in his favor on the ground that the disposition of the case three years previously was complete and final. This motion was granted by the Court of Common Pleas. The facts in the case at bar, however, differ in that an answer was filed setting up four separate and distinct defenses. A demurrer was filed to the third and fourth defenses which set forth facts which were found to constitute a good defense and the demurrer was overruled. The fourth defense of the answer set forth the plea of "laches," which is predominantly an issue of fact to be resolved in each case according to its special circumstances. 16 O. Jur. 266, Section 109; Paschall v. Hinderer, 28 Oh St 568.

The question determined by the trial court was therefore not one of law but one of fact, just the reverse of the issue involved in the LeMaistre case, supra.

The motion will be overruled.

HORNBECK, PJ, WISEMAN and MILLER, JJ, concur.